UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-10822-JLS-MAA                                                                Date: May 26, 2024
Title:  Anne Heiting v. Marriot International, Inc., et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Charles A. Rojas | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:                                   Attorneys Present for Defendant:

Not Present                                                                          Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE STAYED**

On May 14, 2024, the Ninth Circuit granted a rehearing *en banc* in the case *Briskin v. Shopify, Inc.*, 2024 WL 2148754 (9th Cir. May 14, 2024.)  Plaintiff filed a Notice of Supplemental Authority, identifying *Shopify* as a case that "Defendant cited exenstively in support of its motion [to dismiss for lack of personal jurisdiction]."  (Notice at 2, Doc. 32.)  Defendant responded, arguing that "pre-*Shopify* authority establish[es] that the Court lacks personal jurisdiction."  (Response at 2, Doc. 33.)

There is certainly other case law in the Ninth Circuit that applies the principles of personal jurisdiction to a defendant's online activity, but *Shopify* was particularly on point.  Like the present action, it featured allegations of data harvesting, in violation of California's privacy laws, and directly addressed what a "broadly accessible web-based platform" must do to "have a 'forum-specific focus.'"  *Briskin v. Shopify, Inc.*, 87 F.4th 404, 422 (9th Cir. 2023), *reh'g en banc granted, opinion vacated*, 2024 WL 2148754 (9th Cir. May 14, 2024).  Whatever the outcome in the *en banc* case, it will bear on the proper method for evaluating whether Defendant's online activity here was directed at California.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-10822-JLS-MAA                                      Date: May 26, 2024
Title:  Anne Heiting v. Marriot International, Inc., et al.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "Discretion to stay a case is appropriately exercised when the resolution of another matter will have a direct impact on the issues before the court, thereby substantially simplifying the issues presented." *Mendez v. Optio Sols., LLC*, 239 F. Supp. 3d 1229, 1232 (S.D. Cal. 2017).  In light of the direct impact that the outcome in *Shopify* will have in this action, the parties are ORDERED TO SHOW CAUSE why this action should not be stayed.  Plaintiffs shall provide a written response, within **seven (7) days** of the issuance of this Order.  Defendant shall then respond, within **seven (7) days** of the issuance of Plaintiff's brief.  Neither brief shall exceed six pages and no further briefing is allowed.  The Court will determine whether to stay the action after it is in receipt of the response from both parties.

                                                                                                  Initials of Deputy Clerk: cr